UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE DEANNA RUFF,

                Plaintiff,                      Case No. 2:26-cv-11328

v.                                        Hon. Brandy R. McMillion
                                        United States District Judge

UNITED STATES OF AMERICA, *et al*.

                Defendant.

_____ /

## ORDER OF SUMMARY DISMISSAL

Plaintiff Bobbie Deanne Ruff ("Ruff") brings this *pro se* civil action against Defendants United States of America, the City of Detroit, Rep. Tyrone A. Carter, and Huntington National Bank (collectively, "Defendants") alleging federal constitutional violations under 42 U.S.C. §§ 1983, 1998, RICO conspiracy, and several state law violations. *See* ECF No. 1, PageID.4. She has also filed an application to proceed without the prepayment of fees (*in forma pauperis*) (ECF No. 2), a Motion for Appointment of Counsel (ECF No. 4), and a Motion to Compel Subpoena Duces Tecum for Video Surveillance (ECF No. 5). For the reasons below, the Court **GRANTS** Ruff's request to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED WITH PREJUDICE**, and Ruff's Motions are **DENIED AS MOOT**.

* * *

As best the Court can discern, Ruff is alleging that she has been manipulated by the government to carry out heinous acts, including the murder of several individuals; but that it is being done through some form of mind manipulation and use of a stargate portal.  *See generally* ECF No. 1.  Ruff filed an Application to Proceed Without the Prepayment of Fees.  ECF No. 2.  The Court has reviewed the application, finds Ruff indigent, and therefore will permit her to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory.  *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe her pleadings liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.  "The mandated liberal construction . . . means that if a court can

2

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)).  Nor may the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

Ruff's Complaint states various federal and state statutes as a basis for relief, but none of which are supported by the facts as alleged.  Even construing Ruff's *pro se* Complaint liberally, the Court cannot "conjure up unpleaded facts to support conclusory allegations," nor can the Court create a claim for relief.  *See Williams*, 2022 WL 2966395 at *2.  Nothing contained in the Complaint is sufficient for the Court to find Ruff has alleged any plausible claim of relief.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted and therefore are subject to dismissal.  *See* 28 U.S.C. § 1915(e)(2)(B).

The Court notes and Ruff states that she has been to the Court "several times with this same case." ECF No. 1, PageID.12.  A review of the Court's docket reveals five previous cases, all of which were summarily dismissed under § 1915(e).  *See,*

*e.g.*, *Ruff v. Carter, et al.*, No. 25-cv-10692 (E.D. Mich. Mar. 12, 2025); *Ruff v. The United States of America, et al.*, No. 24-cv-12921 (E.D. Mich. Nov. 4, 2024); *Ruff v. Wilson, et al.*, No. 23-cv-10636 (E.D. Mich. Mar. 17, 2023); *Ruff v. United States, et al.*, No. 22-cv-12805 (E.D. Mich. filed Oct. 26, 2022); *Ruff v. United States, et al.*, No. 22-cv-12569 (E.D. Mich. filed Oct. 26, 2022).  Similar to those, her allegations here are also not credible and fail to allege facts "sufficient to raise a right to relief above the speculative level." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. 544, 555, 570 (2007)).  Further, Plaintiff fails to assert any allegations against most of the named defendants, which is a further basis for dismissal.  Consequently, this case should be dismissed.

\* \* \*

Accordingly, the Complaint (ECF No. 1) is **SUMMARILY DISMISSED WITH PREJUDICE** in its entirety.  Plaintiff's Motion to Appoint Counsel (ECF No. 4) and Motion to Compel Subpoena Duces Tecum For Video Surveillance (ECF No. 5) are **DENIED AS MOOT**.

*This is a final order that closes the case*.

**IT IS SO ORDERED.**

Dated: April 27, 2026                           s/Brandy R. McMillion
    Detroit, Michigan                   HON. BRANDY R. MCMILLION
                                     United States District Judge